IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRANSGENE BIOTEK LIMITED, a Public Limited Company incorporated in India,<br><br>  Plaintiff,<br><br>  v.<br><br>JN INTERNATIONAL, INC., a Nebraska corporation, and DR. J. RAGHAVA REDDY, an individual, and DOES 1-5, inclusive,<br><br>  Defendants. | 8:05CV158<br><br><br>MEMORANDUM AND ORDER |

   Pending before the court is the plaintiff's motion for expedited discovery. Both defendants have provided the court with an immense amount of material in support of and in opposition to the motion. Both sides have also filed briefs, which have been helpful. In order to expedite the issuance of this order, I shall not write a full opinion. Rather, suffice it to say that I agree generally with the defendants' positions.

   First, I agree that the plaintiff has failed to show compliance with NECivR 7.1. Giving the defendants' counsel only a very short time--a few hours--to contact their client and explore compromise is insufficient, particularly in the circumstances of this case which has already bounded into the "complex" category. The motion could be denied on that basis alone.

   More importantly, the plaintiff has failed to show any pressing need for expedited discovery. It is true that the court has the discretion to order expedited discovery; however, the reasons proffered do not justify exercising that discretion. The principal justification argued by the plaintiff is that plaintiff

is concerned that the "integrity" of pending clinical trials of the vaccines is "suspect." If that is so--and it is vehemently denied by defendants--plaintiff has failed to show how expediting discovery will affect the human trials' integrity or successful completion. Nor has plaintiff articulated what "immediate, irreparable, and continuous harm" (Motion, filing 8, page 6) it claims will befall it if the motion is denied.

Nor has plaintiff produced any facts in the record establishing grounds to fear the loss or spoliation of evidence. There is no statement that a necessary witness is about to become unavailable. There is no evidence that anything of evidentiary value is about to be secreted away, lost or destroyed.

Finally, there is nothing before me which indicates that any harm experienced by plaintiff cannot be adequately addressed by money damages. Loss of market share, reputation, profits, and other measures of damages appear from this record to remain available, and there is no showing that expediting discovery, or not, will have any effect on the damages otherwise available.

I agree with defendants that there is no need to decide the choice of "tests" in the case law regarding expediting discovery, for under any test, the motion fails.

IT THEREFORE HEREBY IS ORDERED,

The motion for expedited discovery, filing 8, is denied.

DATED this 20th day of April, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge